UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD FALLS, et al.,

        *Plaintiffs*,

        v.

RON DESANTIS, in his official capacity as Governor of Florida, et al.,

        *Defendants*.

Case No. 4:22-cv-166-MW/MJF

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Board of Governors' draft regulations implementing the Individual Freedom Act's amendments to Fla. Stat. § 1000.05 confirm that Plaintiff Casanello lacks standing to obtain a preliminary injunction.

As counsel for Defendants noted when referencing these still-in-progress regulations at Monday's hearing, they show that any future injuries Casanello subjectively fears may befall him under the Act are conjectural. The draft regulations require "[e]ach university" to promulgate a regulation enforcing the IFA, which must provide that the principles the IFA forbids may be taught objectively and without endorsement as part of a larger course of study. Doc. 59-1 at (2). Universities must create a complaint and investigation process, and if any instruction is found to violate

the university regulation, the university must "take prompt action to correct the violation by mandating that the employee(s) responsible … modify [the instruction] to be consistent with the university regulation." *Id*. at (3)(c). Any funding consequence to a university may be imposed *only* if the "university willfully and knowingly fail[s] to correct a violation of the university regulation." *Id.* at (4). And similarly, a university may take action against an individual teacher *only* "if there is a failure or refusal to comply with the mandate" to correct the violation. *Id*. at (3)(c).

Any personal consequence to Casanello is, therefore, far downstream and depends not only on the possibility of several intervening acts by "independent actors not before the courts," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992), but also *deliberate and persistent* violations of the policy by the teacher. When a plaintiff depends on this kind of "hip bone connected to the thigh bone" argument, standing is "substantially more difficult to establish," *id*. (cleaned up), because the plaintiff must additionally show (in the context of a preliminary injunction) a substantial likelihood that the intervening acts will occur. *See id*. at 560-61 ("each element" of standing "must be supported … with the manner and degree of evidence required at the successive stages of the litigation"); Doc. 56 at 8. The draft regulation confirms that Plaintiffs have failed to make that showing.

Date: June 24, 2022                                Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
(Bar No. 248070DC)
John D. Ohlendorf (*Pro Hac Vice*)
Megan M. Wold (*Pro hac vice)*
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
johlendorf@cooperkirk.com
mwold@cooperkirk.com
jramer@cooperkirk.com

*Attorneys for Defendants Ron DeSantis, in his official capacity, et al.*

Timothy L. Newhall
Special Counsel
Complex Litigation
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
timothy.newhall@myfloridalegal.com

*Counsel for Defendant Ashley Moody, in her official capacity*

3