## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DONALD FALLS, et al.,

                *Plaintiffs*,

    v.

RON DESANTIS, in his official
capacity as Governor of Florida, et al.,

                *Defendants.*

Case No. 4:22-cv-166-MW/MJF

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING CH. 2022-70

Pursuant to this Court's order of June 24, 2022, Doc. 61, Defendants respectfully submit herewith their supplemental brief regarding Plaintiff Cassanello's standing in light of Florida Session Law Ch. 2022-70 (S.B. 7044) (hereafter, "Ch. 2022-70").[1] Because any injury that Plaintiff Cassanello could allege now in connection with Ch. 2022-70 is wholly conjectural, he has not met his burden to establish standing as required at the preliminary injunction stage. "[W]here a plaintiff moves for a preliminary injunction, the district court … should normally evaluate standing 'under the heightened standard for evaluating a motion for

---

[1] Defendants previously addressed the Board of Governors' draft regulation 10.005 in their response to Plaintiffs' Notice of Supplemental Authority. *See* Defs.' Resp. to Pls.' Not. of Suppl. Authority, Doc. 60, at 2 (June 24, 2022).

summary judgment.'" Doc. 62, Order Denying Pr. Inj. In Part, at 11 (June 27, 2022), quoting *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 900 F.3d 250, 255 (6th Cir. 2018 (internal citation omitted). Thus, "[a] plaintiff cannot 'rest on such mere allegations, [as would be appropriate at the pleading stage] but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Doc. 62 at 11-12, quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011). Because Cassanello's standing arguments depend on multiple layers of inferences, the likelihood of which he cannot show, he lacks standing. *See* Doc. 62 at 14-15.

Ch. 2022-70 provides that the Board of Governors ("Board") may "adopt a regulation" requiring tenured university faculty to undergo post-tenure review every five years. Ch. 2022-70, § 1. The law will not take effect until July 1, 2022, and the Board has not yet enacted any regulations implementing it. Indeed, the Board has not even proposed any regulations yet, and when it does, the proposed regulations will have to undergo notice and comment and thus be subject to potential change before implementation. Until the Board enacts a final regulation, then, it is unclear what the parameters of any post-tenure review would be. While Ch. 2022-70 sets out four areas that any regulation by the Board "must address," those areas are described only in general terms, leaving the Board significant discretion. It is therefore not at all clear how any regulation will address the required area of a professor's

"[a]ssigned duties in research, teaching, and service," including provisions relating to instruction found to have violated the Individual Freedom Act ("Act"). *See* Ch. 2022-70, § 1(6)(b)(2). Moreover, it is entirely possible—even likely—that any Board regulation would require further regulation by universities to create and administer any post-tenure review process, including possible provisions affording professors an opportunity to cure any conduct found to be improper. *See* Defs.' Resp. to Pls.' Not. of Suppl. Authority, Doc. 60, at 2 (June 24, 2022); Ex. 1 to Pls.' Not. of Suppl. Auth., Doc. 59-1 at (3)(c) (June 24, 2022).

In short, the nature and scope of any such future regulations simply cannot now be known. Therefore, any personal consequence to Plaintiff Cassanello arising from Ch. 2022-70 is far downstream and depends on the enactment of multiple intervening regulatory acts by "independent actors not before the courts." *Lujan*, 504 U.S. at 562. When a plaintiff depends on this kind of "hip bone connected to the thigh bone" argument, standing is "substantially more difficult to establish." *Id.*, at 562.[2]

---

[2] As the Court explained in rejecting a preliminary injunction as to Plaintiffs Falls and Harper, Plaintiff Cassanello's "theory of traceability and redressability" depends on "too many inferential leaps to demonstrate standing at the preliminary injunction stage." Doc. 62 at 14-15. Similar to Plaintiffs Falls and Harper, Plaintiff Cassanello's theory flows from the Board of Governors to the universities, through yet-to-be-proposed Board and university regulations, and only then, potentially, to individual professors. His argument not only "requires the Court to stack multiple layers of inferences," but also to foresee the future. *Id.* at 14.

Plaintiffs have failed to show that Plaintiff Cassanello has a substantial likelihood of standing here.

Date: June 28, 2022

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
(Bar No. 248070DC)
John D. Ohlendorf (*Pro Hac Vice*)
Megan M. Wold (*Pro hac vice)*
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
johlendorf@cooperkirk.com
mwold@cooperkirk.com
jramer@cooperkirk.com

*Attorneys for Defendants Ron DeSantis, in his official capacity, et al.*

Timothy L. Newhall
Special Counsel
Complex Litigation
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
timothy.newhall@myfloridalegal.com

*Counsel for Defendant Ashley Moody, in her official capacity*