UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD FALLS, et. al.,
     Plaintiffs,

vs.                      CASE NO:  4:22-cv-00166 MW-MJF

RON DESANTIS, in his official
Capacity as Governor of Florida, et. al.,
     Defendants.

_____/

## NON-PARTY, THE SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA'S VERIFIED MOTION TO QUASH SUBPOENA

Comes now, non-party, the School Board of Pinellas County, Florida (the "School Board" or "non-party")[1], as and on behalf of the Pinellas County School District – Superintendent: Kevin Hendrick, as identified in the subpoena, by and through its undersigned counsel, and hereby moves this Court pursuant to Rule 45(d)(3), Federal Rules of Civil Procedure ("FRCP"), for an order to quash Plaintiffs' subpoena served on it in connection with the above-captioned matter.  In support thereof, the School Board states the following:

---

[1] Although Plaintiffs' subpoena references the "Pinellas County School District – Superintendent: Kevin Hendrick" the School Board of Pinellas County, Florida should be the proper non-party respondent in accordance with § 1001.40, Fla. Stat.

## <u>LEGAL ISSUE AND REMEDY REQUESTED</u>

Following the requisite conferences required under Local Rule 7.1(B), certificate below, and being unable to resolve the issue, this non-party requests the court to follow the mandate of Rule 45(d) of the Federal Rules of Civil Procedure and quash a document production subpoena and impose whatever sanctions this court deems proper based on the following:

*Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in <u>Rule 45(c)</u>;

(iii) \*\*\*; or

(iv) subjects a person to undue burden.

Rule 45(d)(3)(A), <u>Fed.R.Civ.P.</u>

The party seeking the documents, and attorney issuing the subpoena, have not offered any evidence of substantial need or a means of compensating this non-party for the grossly overbroad and unduly burdensome requests made in the subpoena. Rule 45(d)(3)(C), <u>Fed.R.Civ.P.</u>

This non-party has not waived its rights regarding the geographic limitations of document production subpoenas pursuant to Rules 45(c)(2), 45(d)(2)(A), Fed.R.Civ.P.; see, RSUI Indemnity Co. V. National Rifle Association, 2020 WL 4194526, *2 (S.D. OK 2020)(The waiver of appearance for a document production subpoena is the choice of the subpoena recipient, and if there is no waiver, non-appearance cannot be a basis to ignore the mandate of Rule 45(d)(3)(A) to quash the subpoena).

Sanctions including attorney's fees are available pursuant to Rule 45(d)(1). Fed.R.Civ.P.

## BACKGROUND

1.  On October 25, 2022, Plaintiffs served a subpoena on the School Board which entailed twenty-two (22) items of document requests to be produced by November 4, 2022, as part of discovery in their case.  (A copy of the subpoena is appended hereto as Exhibit A).

2.  Any reasonable review of the documentary requests would show that the scope of, and the time for, the production of documents sought are unreasonable, unduly burdensome, and disruptive to staff operations.  They are also expensive in terms of the number staff who will be needed for the project, the time involved, and the cost of research and retrieval of multiple matters.  Further, many of these items

are readily obtainable from the Florida Department of Education and/or by consulting legislative history relative to House Bill 7.

3.  In good faith, on November 1, 2022, David Koperski, attorney for this non-party, emailed Plaintiffs' counsel to express his client's concern and presented multiple objections in connection therewith in accordance with Local Rule 7.1(B), N.D. Fla. (2022), FRCP 45(d)(2)B and FRCP Rule 26(b)(1). In the communication, it was requested that the subpoena be withdrawn or appropriately modified in conformity with FRCP 45(d)(1) and FRCP Rule 26(b)(1). (A copy of the email communication is appended hereto as Exhibit B). Counsel for Plaintiffs, Bryan DeMaggio, responded on November 2, 2022, offering token extension of a few weeks and offering to limit the scope of production to this calendar year as the cure for the overbroad, time consuming and expensive requests.  (A copy of the email communication is appended hereto as Exhibit C).

4.      In further good faith, undersigned counsel drafted and sent an email to Mr. DeMaggio on November 3, 2022, explaining that the suggested cures for the defects in the subpoena are woefully inadequate to remedy the core objections expressed by Mr. Koperski.  In essence, it was explained that due to the nature of the requests for production, it would be impossible to comply, particularly given the school calendar, previously scheduled days off for the holidays, the enormous expense to the school district and the sheer volume of hours and staff needed to even

begin an ultimately failed attempt.  We also noted that Plaintiffs agree that they did not even attempt to address many of the objections.   Nonetheless, undersigned invited Plaintiffs to make further attempt to modify or otherwise limit the scope of the subpoena. (A copy of the email communication is appended hereto as Exhibit D). There has been no response to date. The urgency in the need for expedited communication is a result of the abbreviated time permitted to respond to the subpoena.

5.     To date, Plaintiffs have made no showing of particularized or substantial need for the documents requested in their case or made any offer to pay the immense expense of the production. <u>Affidavit of Evans</u>, Attached as Exhibit E; <u>see also</u>, Verification, below.

**<u>NON-PARTY SCHOOL BOARD'S OBJECTIONS TO THE SUBPOENA</u>**

1. The scope of the twenty-two (22) items is not only overbroad, it is also out of proportion to the needs of the case considering the multiple factors set forth in FRCP 26(b)(1). <u>See,</u> Exhibit E, <u>Affidavit of Evans</u>.  These include the importance of the issues at stake in the action, the importance of the discovery in resolving case issues, the parties' relative access to relevant information, and whether the burden of expense of the discovery requested outweighs the likely benefit.   Nowhere in Schedule A of the subpoenas are these issues addressed.  In Good Faith discussions, there has also not been any offer of evidence or proffer as to any substantial need for

the materials that would meet the requirements of FRCP 45(d)(3)(C). <u>See</u>, <u>Verification</u>, <u>Certificate</u> and Exhibit E, <u>Affidavit of Evans</u>.

2.  (a) Thus, as an example of gross overbreath, in Item 1, Plaintiffs seek the production of all documents received by the School Board or its agents from any state agency, including the Florida Department of Education ("FLDOE") in connection with House Bill 7 directing teachers to "submit any supplemental teaching materials, not included in state approved texts, prior to dissemination of these materials to any student."  What constitutes supplemental materials is not defined.  What grades and courses they pertain to are not specified.  No distinction is drawn between what are statutorily state approved texts and other texts adopted by a school board.  <u>See</u>, F.S. 1006.28 – 1006.40.

(b) Item 2 reflects a similar vagueness as it pertains to "teachers use of non-state approved materials in any class, including but not limited to courses in English, History, and Social Studies".   Plaintiffs fail to specify whether this includes supplementary materials, which is a key distinction.  As with Item 1, it would require the School Board to search every grade level and course material from elementary school through high school which would create an undue burden on staff and staff time. See, <u>Affidavit of Evans</u>, Exhibit E.

(c) Such overbreadth, vagueness, undue burden, and so on can further be seen in Items 3, 4, and 5.  Item 5, for example, pertains to the production of

documents involving state-wide teacher training sessions "concerning the teaching of racial history to public school students within your district." What is meant by or included in the term "racial history" is not defined nor explained.  State standards set forth in F.S. 1003.42 include African-American History, the History of African Peoples, contributions of the Hispanic community to the United States, the History of the Holocaust, and so on.  The School Board is left to divine for itself what it is meant to search for as well as what grade levels would be involved in the search. Items 1-5 are representative of what is problematic throughout the requests.  Items 7-14 and 19-20 present similar difficulties for the School Board in responding.

3.   While "Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26."  See, American Federation of State County & Municipal Employees (AFSCME) Counsel 79 v. Scott, 277 F.R.D. 474, 476 (S.D. Fla. 2011) and Savoia-McHugh v. Glass, 2020 U.S. Dist. LEXIS 26091 (N.D. Fla.) at *4.   Subpoena discovery should not involve a fishing expedition, irrelevant material, matters overly broad in scope and time, and imposing an undue burden on a non-party, especially as is the case with respect to the subpoena at issue.  See, Savoia-McHugh v. Glass, supra, at *4-*5, Hansen v. Uber Technologies, Inc., 2018 WL 7361084 (M.D. Fla), at *4, and American Electric Power Co., Inc. v. U.S., 191 F.R.D. (S.D. Ohio, 1999), at 136.

4. (a)  Moreover, the School Board objects that the requests are not only open-ended, but also the way they are presented, including the fact that they provide no time frame, (or the time frame offered as remedy in Good Faith discussions, Exhibits B-D) still does not cure the vagueness of the request in a meaningful way that could assist the School Board in its review of what Plaintiffs are seeking or how the production would meet any particular or substantial need sufficient under FRCP 45(d)(3)(C).  Item 7 provides a good example of this.  Plaintiffs again reference a very broad and undefined "educational materials."  Educational materials could cover the waterfront of all such materials from pre-kindergarten classes through grade 12.  Does the request include remediation and multi-tiered intervention-based materials?  It is not simply how far back in time should the School Board go?  If the School Board has a policy concerning book adoptions, should personnel search only that which is involved in the policy?  What if such policy has been modified over time?  Plaintiffs place an unreasonable burden on School Board personnel by requiring them to guess at what Plaintiffs seek in discovery.

(b) Similar to this case, in Hansen v. Uber Technologies, Inc., supra, the court found that subpoenas pertaining to several non-parties overbroad, not narrowing tailored, and with no limitations on scope and time which created an undue burden. It thus granted the motions to quash the subpoena. See, too, Trigeant Ltd. v. Petroleos de Venezuela, S.A., 2009 WL 10668731 (S.D. Fla.), at *4-*5.

5.   Plaintiffs' subpoena has also created an unreasonable response time and undue burden with the arbitrary setting of a November 4, 2022, deadline date.  The School Board was served on October 25th, 2022.  It is unreasonable to expect the School Board to research, identify, retrieve, and review twenty-two (22) items of documents and have them to the Plaintiffs by November 4, 2022 or the suggested extension date of November 29, 2022.  Affidavit of Evans, Exhibit E.  The burden on the number of staff that will be needed for the project, as well as the extensive amount of time for staff to complete the project, is out of proportion to what Plaintiffs are seeking.  Id.  Indeed, Plaintiffs have disregarded the proportionality standards of review set forth in FRCP 26(b)(1).  See, Davis v. Nationwide Insurance Co. of America, 2020 WL 7480819 (S.D. Fla.).

Further, Plaintiffs have used the subpoena to create an unreasonable response time for a non-party.  If the School Board was a party to this case, it would have received the requisite 30 days under FRCP 34, with the ability to seek an extension of time beyond that if needed, either by stipulation or by motion.  In Progressive EMU, Inc. v. Nutrition & Fitness, Inc., 785 Fed. Appx 622, 627-629, (11th Cir. 2019), the Court found that failure to allow a reasonable time to comply with a subpoena and the undue burden of the scope and extent of the discovery requests warranted the quashing of the subpoena.  The Court added that Rule 45 (d)(1) requires a party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue

burden or expense on a person subject to the subpoena." Id., at fn. 8.  This is especially of concern where service is on a non-party; a factor which a court must take into account in its review.  American Electric Power Co, Inc. v. U.S., supra, at 136.

6.  Finally, Plaintiffs are in violation of the provisions of FRCP 45(c)(2).  The subpoena directs the School Board to produce the requested documents at 215 N. Washington Street, Jacksonville, Florida.  The School Board's principal place of business is more than 100 miles away in the city of Largo, Florida.  Thus, it is outside the jurisdiction of this Court which also warrants granting non-party School Board's motion to quash.  See, Grippa v. Rubin, 2022 WL 1624808 (N.D. Fla. 2022), at *1 (denying plaintiff's motion to compel where compliance was required more than 100 miles from the subpoenaed party).

## **VERIFICATION**

In accordance with FRCP 11(b), and other applicable laws, the undersigned counsel verifies that all the factual information supplied herein was obtained from self-authenticating Public Records, Plaintiffs, their counsel, the attached Exhibits and communication between co-counsel, the parties and this non-party, including, but not limited to the fact that there has been no offer or showing of particularized or substantial need for the subject materials requested in the subpoena, nor has there been any offer to pay the enormous expense in securing and preparing the

requested items.   Undersigned certifies that the information provided based on these papers or documents are accurate representations of what they purport to be to the best of undersigned's knowledge, information and belief, and formed after reasonable inquiry under the circumstances.  The information is not presented for an improper purpose. The objections and other legal contentions contained herein are warranted under existing law or by non-frivolous argument for the alteration of the law. Undersigned verifies that all factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.  All denials of factual contention are warranted based on evidence, or if so specified, are reasonably based on belief or lack of knowledge.

## CERTTICATE PURSUANT TO LOCAL RULE 7.1(C)

Undersigned certifies that the School Board has fully complied with the requirements of Local Rule 7.1(B) in making a good faith effort to resolve the matter discussed herein before filing the instant motion.  The brief period allowed for the production of documents has led to an expedited good faith conference period. Nonetheless, as seen in Exhibit B through D, the Plaintiffs and this non-party have made every attempt possible to resolve the issue. The Plaintiffs have yet to agree to withdraw the subpoena or narrow it to some manageable or possible form. Moreover, Plaintiffs have not stated a substantial need for the documents

(particularly since much of the information is available through less burdensome means through the Florida Department of Education) or offered to pay the expense of the request.  Because the Plaintiffs have not agreed to withdraw or make any meaningful modification to the subpoena, the Good Faith attempts to cure the defects in the subpoena have failed.

## **<u>CONCLUSION</u>**

Plaintiffs' subpoena requests set forth in Schedule A (1) are overbroad, in scope and time; (2) lack definitional clarity; (3) are open-ended and vague in what is being requested; (4) disregard the proportionality considerations set forth in FRCP 26(b)(1); (5) are unduly burdensome in scope and staff time required; (6) have an arbitrary response date that is not possible to realize; (7) are not narrowly tailored to fit the issues under review; (8) seek documents that can be more readily obtained from the FLDOE or other agencies (such as working through the legislative history of HB 7); and (9) are  in violation of 100 mile radius requirement of FRCP 45(c)(2). Therefore, the School Board, a non-party to this action, requests this Court to issue an Order granting its motion to quash Plaintiffs' subpoena and awarding the School Board attorney's fees and costs for having to have brought this motion and any other remedy or sanction it deems appropriate.

WHEREFORE, for the foregoing reasons, the School Board moves this Court to quash Plaintiffs' subpoena and award it attorneys' fees and costs.

Respectfully submitted,

*/s/ Christopher E. Doran*
Christopher Doran, Esq.
Florida Bar No.: 0137022
BANKER LOPEZ GASSLER, P.A.
501 E. Kennedy Boulevard, Suite 1700
Tampa, FL 33602
Phone: (813) 221-1500
Fax: (813) 222-3066
Email: **service-cdoran@bankerlopez.com**
Atty for School Board of Pinellas County

## CERTIFICATE OF SERVICE

The School Board has hereby served its Motion to Quash on Plaintiffs' counsel Bryan E. DeMaggio, Esquire, and all parties via the CM/ECF system on this 4th day of November, 2022.

*/s/ Christopher E. Doran*
Christopher Doran, Esq.
Florida Bar No.: 0137022
BANKER LOPEZ GASSLER, P.A.
501 E. Kennedy Boulevard, Suite 1700
Tampa, FL 33602
Phone: (813) 221-1500
Fax: (813) 222-3066
Email: service-cdoran@bankerlopez.com
Atty for School Board of Pinellas County