AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| DONALD FALLS, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:22-cv-00166 |
| RON DESANTIS, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

10-25-22
10:34AM
JDB
#6875

SCHOOL BOARD ATTORNEY

OCT 25 2022

RECEIVED

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Pinellas County School District - Superintendent: Kevin Hendrick
301 4th St. SW, Largo, Florida 33770

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE "A."

| Place: Sheppard, White, Kachergus, & DeMaggio, P.A.<br>215 N. Washington St.<br>Jacksonville, Florida 32202 | Date and Time:<br>November 4, 2022 at 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/22

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                     Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **PLAINTIFFS**
_____, who issues or requests this subpoena, are:
Bryan E. DeMaggio, Esq., Sheppard, White, Kachergus, & DeMaggio, P.A., 215 N. Washington St., Jacksonville, Florida 32202, (904) 356-9661, sheplaw@sheppardwhite.com; bdemaggio@sheppardwhite.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-00166

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD FALLS, et. al.

Plaintiffs,

vs.                                                   Case No.: 4:22-cv-00166

RON DESANTIS, in his official
capacity as Governor of Florida, et. al.

Defendants.

## SCHEDULE "A"
## LIST OF DOCUMENTS TO BE PRODUCED

1. Any and all documents received by you, your agents, or employees from any state agency, including, but not limited, to the Department of Education, relating to implementation of House Bill 7, otherwise known as the Individual Freedom Act, which directs, suggests, or requires teachers within your district to submit any supplemental teaching materials, not included in the State approved texts, prior to dissemination of these materials to any student.

2. Any and all communications in your possession, or in the possession of employees, agents, or staff from the Department of Education to you concerning teachers' use of non-State approved material in any class, including, but not limited to, courses in English, History, and/or Social Studies.

3. Any and all documents prepared by you, your employees, staff, or agents, requiring all reference materials not included in State issued curriculum be "pre-approved" before such material can be used in the classroom in your district.

4. Any and all documents setting forth the procedure by which reference materials are pre-approved for use with your school district.

5. Any and all documents or correspondence from any state agency including but not limited to, those received from the Department of Education, discussing teacher training sessions, including but not limited to, training taking place in Orlando or regionally, concerning the teaching of racial history to public school students within your district.

[handwritten margin note: timeframe limits? need clarification]

6. Any and all documents from any state agency, including but not limited to, the Florida Department of Education, as a result of training sessions described in paragraph 5.

7. Any and all documents regarding the implementation of a formalized process to resolve complaints about educational materials, including documents about how your district will select the committee members necessary for such review.

8. Any and all documents which require teachers to fill out forms requesting that certain materials be pre-authorized by committee review.

2

9.  Any and all documents implementing the requirement of a "formalized process" to allow parents to review and contest materials any parents deem "inappropriate."

10. Any and all documents relating to the requirement that your Board hold public meetings and include parents of students when reviewing learning materials.

11. Any and all documents relating to any requirement that library books must support and align with State curriculum standards.

12. Any and all documents relating to whether Advanced Placement ("AP") students in history, literature, or research classes will be required to have their research materials reviewed by "any parent," whether or not the parent has a child in such AP class.

13. Any and all documents, including, but not limited to, requests or direction by any School Board member regarding the removal of any book or material from libraries and/or classrooms as the result of a parent complaint about its subject matter.

14. Any and all documents, including, but not limited to, lists of books or materials regarding educational materials that may have been used in your district in prior years, but are now subject to pre-approval and review, specifically including, but not limited to the following books:

*[handwritten margin note: "excessive / vague"]*

- "To Kill a Mockingbird"
- "The Autobiography of Malcolm X"
- "Brown Girl Dreaming"
- "The Story of Ruby Bridges"
- "The Hate You Give"
- "Stamped: Racism, Anti-Racism and You"
- "All American Boys"
- "Something Happened in Our Town: A Child's Story About Racial Injustice"
- "Monday's Not Coming"
- "Monster"
- "The New Jim Crow: Mass Incarceration in the Age of Colorblindness"
- "The Poet X"
- "Snow Flower and the Secret Fan"
- "The Undefeated"
- "I Am Human"
- "A is for Activist"
- "Jaden Toussaint The Greatest"

15. Any and all documents which discuss or implement the policy of requiring all principals to bar new books from school media centers and classroom libraries "until at least January of next year" or at some other future date, because a mechanism for review has not presently been implemented by you or the Florida Department of Education to review such books.

16. Any and all documents requiring, directing, or instructing your employees or agents within your district to publish a list of books and materials they make available to elementary school students.

[handwritten margin note: "this is met ¶7"]

4

17. Any and all documents regarding a formal policy or informal practice by the School District which freezes purchases and donations of all books used in school media centers and classroom libraries.

18. Any and all documents implementing the requirement that each elementary school publish online a list of the books and reading material available to students.

19. Any and all documents, including, but not limited to, lists of any books or materials, removed from any school library within your district, as a result of the parental complaints that the material offends their racial sensibilities.

20. Any and all documents which contain lists of professional development materials for educators about culturally competent teaching and dismantling biases, whose use has been discontinued or otherwise removed within your district because they are not approved resource or curriculum materials.

21. Any and all documents explaining or instructing teachers how your district will implement H.B. 7, otherwise known and the Individual Freedom Act.

22. Any and all documents which discuss or explain your District's current policies regarding parents' rights under H.B. 7, otherwise known as the Individual Freedom Act.