

**Vision:** 100% Student Success

**Mission:** "Educate and prepare each student for college, career and life."

ADMINISTRATION BUILDING
301 Fourth St. SW
P.O. Box 2942
Largo, FL 33779-2942
Ph. (727) 588-6000

SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA
Chairperson
Eileen M. Long

Vice Chairperson
Lisa N. Cane

Nicole M. Carr, Ph.D.
Carol J. Cook
Bill Dudley
Caprice Edmond
Laura Hine

Superintendent
Kevin K. Hendrick

November 1, 2022

Sent Via Email: bdemaggio@sheppardwhite.com

Dear Mr. DeMaggio:

On October 25, 2022, your office served a non-party subpoena on the Pinellas County School District in the <u>Falls v. DeSantis</u> matter (Case No: 22-cv-00166, Northern District of Florida, Tallahassee Division). The subpoena entailed twenty-two (22) items of document requests to be produced by November 4, 2022, as part of discovery in your case. The scope of, and the time for, the production of documents sought are unreasonable, unduly burdensome, and disruptive to staff operations. They are also expensive in terms of the number staff who will be needed for the project, the time involved, and the cost of research and retrieval of multiple matters. Further, many of these items are readily obtainable from the Florida Department of Education and/or by consulting legislative history relative to the HB 7 matter.

Accordingly, pursuant to the provisions of Federal Rules of Civil Procedure ("FRCP") 45(d)(1) and (d)(2)(B), and FRCP 26(b)(1) and (c)(1), we are hereby providing you with our objections to the subpoena, in addition to those noted above. Please consider this correspondence our good-faith attempt to resolve these issues in compliance with Local Rule 7.1(B), N.D. Fla. (2022). The objections are as follows:

    1. The scope of the twenty-two (22) items are not only out of proportion to the needs of the case considering the multiple factors set forth in FRCP 26(b)(1), such as the importance of the issues at stake in the action, but also the importance of the discovery in resolving issues, whether the burden of expense of the discovery involved outweighs the benefit and so on. Moreover, nowhere in Schedule A have such factors been addressed.

    2. There is no time frame presented in any of the requests that could assist the District in its review of what Plaintiffs are seeking.

    3. The requests are open-ended and stated in such a way as to be unduly burdensome and unreasonable. One can see this, for example, in items 7-14 and 19-20.

    4. The items do not take into the account the proportionality consideration of FRCP 26(b)(1) concerning the relative access to relevant information for District staff to retrieve documents, including what constitutes relevancy to assist in their search, and how far back in time they must go to begin their search (as we have indicated in paragraphs 2 and 3 above).

Exhibit B

The School Board of Pinellas County, Florida, prohibits any and all forms of discrimination and harassment based on race, color, sex, religion, national origin, marital status, age, sexual orientation or disability in any of its programs, services or activities.

Education for a Changing World   www.pcsb.org

      5. The requests are thus also overbroad and have not been narrowly tailored to fit the issues in controversy or the proportionality criteria set forth in FRCP 26(b)(1).

      6. You have used the subpoena to create an unreasonable response date because we are a non-party. If we were a party, we would have the requisite thirty (30) days under FRCP 34, with the ability to seek an extension of time beyond that, if needed, either by stipulation or by motion.

      7. The subpoena has been issued in disregard and in violation of the 100-mile radius requirement set forth in FRCP 45(c)(2). Our district is outside of the 100-mile radius.

      8.    Much of the information sought is maintained electronically by the District. Therefore your failure to consult with us regarding reasonable search parameters including search terms is another deficiency of the subpoena.

We believe the above deficiencies violate your obligations under FRCP 45(d)(1) and specifically the requirement that an attorney responsible for issuing and serving a subpoena take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.

Accordingly, we request that you withdraw the subpoena and appropriately modify and reissue it in conformity with the above referenced Rules. If we do not hear from you by November 3, 2022, we will move to quash the subpoena pursuant to FRCP 45(d)(3).

Sincerely,

*David Koperski*

David Koperski
School Board Attorney

DK/klm