# SHEPPARD, WHITE, KACHERGUS & DEMAGGIO, P.A.
### Attorneys & Counselors at Law

215 WASHINGTON STREET
JACKSONVILLE, FLORIDA 32202

WM. J. SHEPPARD
(1968 - 2022)

MATTHEW R. KACHERGUS

904-356-9661
Telefax 904-356-9667
sheplaw@sheppardwhite.com

ELIZABETH L. WHITE
Also admitted to the Oregon Bar

BRYAN E. DEMAGGIO

CAMILLE E. SHEPPARD

November 2, 2022

*Via:* E-Mail (micheleottik@pcsb.org)

David Koperski
c/o Kerry L. Michelotti, Legal Assitant
School Board Attorney
Pinellas County Schools
301 4th Street SW
Largo, FL  33770

> **Re:**   ***Falls, et al. v. DeSantis, et al.***
> **Case No.: 4:22-cv-00166**

Mr. Koperski,

I have and appreciate your email correspondence from Tuesday, November 1, 2022. I'm still reviewing it in detail, but you indicated you wanted a response by November 3, so I'm reaching out to you as soon as possible.

First, I understand the time for compliance issue you've raised. To that end, I've given every other school board who has reached out to me an extension of time until November 29 by which to respond to the subpoena. By this letter, I'm agreeing to the same extension for your client here. I believe such an extension addresses this issue you raised in the opening paragraph and point 6 of your letter. Indeed, this would be a time period in excess of 30 days for which a party would need to comply with a document request under Rule 34.

Second, as it relates to the time frame for the requests at issue, I've also restricted and narrowed that for some of the other school boards to the time frame of January 1, 2022 to the present date. And, by this letter, I'm doing so for your client here. I believe that addresses point 2 ("time frames"), point 3 ("open-ended"), point 4 ("how far back in time"), and point 5 ("overbroad"/"not narrowly tailored").

Third, as to point 7, your claim that the subpoena violates 100 mile radius requirement set forth in Rule 45, it does not. As succinctly stated by the court in *Cartessa Aesthetics, LLC v. Aesthetics Biomedical, Inc.*, 2020 WL 5846603 (D. Ariz. 2020):

As for the 100-mile issue, Rule 45(c)(2)(A) provides that "[a]

Exhibit C

David Koperski, Esq.
*Falls, et al. v. DeSantis, et al.* | Case No.: 4:22-cv-00166
November 2, 2022
Page 2

subpoena may command ... production of documents,
electronically stored information, or tangible things at a place
within 100 miles of where the person resides, is employed, or
regularly transacts business in person" but Rule 45(d)(2)(A)
provides that "[a] person commanded to produce documents,
electronically stored information, or tangible things, or to permit
the inspection of premises, need not appear in person at the place
of production or inspection unless also commanded to appear for a
deposition, hearing, or trial." Many courts have concluded these
provisions may be harmonized by interpreting "Rule 45(c)(2)(A)'s
100-mile boundary [as] not apply[ing] where, as here, the
subpoenaed person is not instructed to also appear at the
production location along with the requested documents."
*CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C.
2017). *See also Elsom v. Global Life & Accident Ins. Co.*, 2018
WL 4092020, *2 (D. Or. 2018) ("[C]ases from this circuit and
others ... have held that Rule 45(c)(2)(A)'s 100-mile boundary
does not apply where, as here, the subpoenaed person is not
instructed to also appear at the production location along with the
requested documents.") (citations omitted); *Wahoo Int'l, Inc. v.
Phix Doctor, Inc.*, 2014 WL 3573400, *4 (S.D. Ca. 2014)
("Although the challenged subpoenas seek production of
documents at a designated location in San Diego, California, the
subpoenas do not require any travel by the third parties.
Accordingly, the Court finds that Defendant's challenge to the
validity of the subpoenas on the ground that they require
compliance beyond the geographical limits specified in FRCP 45 is
without merit."); *Walker v. Ctr. for Food Safety*, 667 F. Supp.
2d 133, 138 (D.D.C. 2009) ("Counsel's argument that the subpoena
is invalid because it requires CFS to produce documents at a
location 'well over the 100 mile limit ...' is flawed; the 100 mile
limit applies to travel by a subpoenaed person, but a person
commanded to produce documents 'need not appear in person at
the place of production or inspection.' The subpoena can be
enforced.") (citation omitted).

*Id.* at *1; *See also Dippel v. South Carolina Farm Bureau*, 2018 WL 5763690, *1 (D.S.C. 2018)
("[a] number of courts have held that Rule 45(c)(2)(a)'s 100-mile boundary is not violated
'where, as here, the subpoenaed person is not instructed to also appear at the production location
along with the requested documents.'") (citing numerous authorities and surveying the
law); *Allstate Insurance Company v. Orthopedic, P.C.*, 2022 WL 715434, *2 n. 2 (S.D. Ind.
2022).

Notably, the Middle District of Florida holds the same. *Trahan v. Sandoz, Inc.*, 2014 WL
12628614, *3 (M.D. Fla. 2014). Accordingly, the subpoena does not violate Rule 45's 100-mile

David Koperski, Esq.
*Falls, et al. v. DeSantis, et al.* | Case No.: 4:22-cv-00166
November 2, 2022
Page 3

boundary since it does not call for the subpoenaed person to appear. Rather, per the Rule, it simply calls for the production of documents.

I will look at the other issues you've raised, but those above have been raised by other school boards and I've agreed to the aforementioned extension of November 29 to respond and the limitation on the timeframe of January 1, 2022 to the present. Given that I'm informing you that the subpoena does not need to be complied with until November 29, I don't believe there is a need for a motion to quash to be filed at this point in time. Moreover, I believe that what is sought by the subpoena, particularly when restricted to the time frame of January 1 of this year to the present, is more than relevant and probative to the issues in the pending litigation. Should you continue to disagree, please let me know. I can assure you I'm not trying to unduly burden or disrupt your client. In the meantime, take care.

Sincerely,

Bryan E. DeMaggio