

Christopher E. Doran, Esquire
Direct Dial: 813-347-4007
email: cdoran@bankerlopez.com

November 3, 2022

**VIA ELECTRONIC MAIL**
bdemaggio@sheppardwhite.com

    Re:    Falls v. DeSantis
              ND Fla Case No.:  22-cv-00166 (Tallahassee Division)
              Our File:  358157

Dear Mr. DeMaggio:

I have been retained as counsel for the School Board of Pinellas County, Florida, as the governing body of the school district of Pinellas County, Florida pursuant to Fla. Stat. §§ 1001.30, 1001.40 and 1001.41. I am in communication with School Board Attorney David Koperski, copied here, who has forwarded the Objection and Good Faith communications letters related to a document production subpoena issued from the North District of Florida, Tallahassee Division. I have been retained to represent the Pinellas County School District and Superintendent, Kevin Hendrick, as identified in that subpoena issued by you, dated October 21, 2022, that was served on the School Board attorney on October 25, 2022, as well as the School Board of Pinellas County and the school district of Pinellas County, Florida.

The purpose of this letter is to respond to your November 2, 2022, letter to Mr. Koperski and continue compliance with the Local Rule 7.1(B) regarding the parties' joint obligation to make a good faith effort to resolve an issue before resorting to the filing of a motion.  I see from the letters you are making such an effort on some of the points addressed in the November 1, 2022, objection letter sent pursuant Rule 45(d)(2)(B), Fed.R.Civ.P.  We thank you for your responses.

While you have agreed to offer an extension to respond by a few weeks, including the Thanksgiving Holiday, and have restricted the time frame for the production of the requested documents and things to this calendar year, we believe you still vastly underestimate the undue burden that such a production of documents would require. This is particularly the case given the published school calendar.  The length of time suggested is far too short. The few weeks provided would compound the fact that the lists of requested items are still vastly overbroad. Even were such a production possible in the timeframe, we assert that it would require an unduly burdensome number of hours from a great many employees during the holiday season thereby unnecessarily taking time away from families and from preparations for the teaching of our children, all during a period when many of the employees will not be available because of already scheduled time off and vacation. We would be pleased to discuss further narrowing the production request and more specifically tailoring it to what is necessary for such a production.

BANKER LOPEZ GASSLER PA
TAMPA • ST. PETERSBURG • FORT MYERS • TALLAHASSEE • ORLANDO • JACKSONVILLE • FORT LAUDERDALE
501 EAST KENNEDY BLVD., SUITE 1700, TAMPA, FL  33602
TELEPHONE (813) 221-1500 • FAX (813) 222-3066

Exhibit D

Lastly, in these continuing objections we also note with particular stress that there are far less burdensome means of obtaining the same or similar information right there in Tallahassee, without casting such a wide net, including Pinellas County.

Simply stated, while you have attempted to address objections which you have identified as points 2, 3, 4, and 5, referencing objections made in the November 1, 2022, letter from attorney Koperski, your response does not resolve the other core objections as to all issues nor cure the deficiencies in the subpoena. Specifically, we do not agree that your response resolves objection 3 as the requests are still "open-ended" and stated in such a way as to be unduly burdensome and unreasonable. By way of example, requests 7-14 and 19-20, while now subject to a time limit under your response, still request "any and all documents" for the various requests that we believe would require interviewing a wide variety and high number of employees at various levels to determine what documents even exist. Moreover, your letter does not address points 1, 6, 7, and 8 or the objection following point 8 that states "We believe the above deficiencies violate your obligations under FRCP 45(d)(1) and specifically the requirement that an attorney responsible for issuing and serving a subpoena take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena."

We understand that response letter recognizes that it does not address points 1, 6,7 or 8. Rather, you simply state that you "will look at the other issues you've raised, but those above have been raised by other school boards and I've agreed to the aforementioned extension of November 29 to respond and the limitation on the timeframe of January 1, 2022 to the present." However, an offer is not an agreement that the suggested extension with the limitation would be anywhere near sufficient. Regardless, even if such accords were reached with other school districts that is certainly not true for my client who believes that the task of responding to the subpoena would be effectively impossible to complete by November 29, 2011.

The Subpoena Rule as stated in the Fed.R.Civ. are clear and direct. There is no room for interpretation or misinterpretation. Rule 45, *Fed.R.Civ.P.* Rule 45 states:

> (3) *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> > (i) fails to allow a reasonable time to comply;
> >
> > (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> >
> > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> >
> > (iv) subjects a person to undue burden.

(As revised in 2013. This section did not exist prior to that date. Citing to earlier cases on the Subpoena Rule is moot.)

In your response, you suggest that some courts may have interpreted away of the mandate to District Court that violations of the 100-mile rule can just be ignored. You indicate your position is supported by quoting to Rule 45(d)(2)(A) which states in essence that document only subpoenas do not require personal appearance by the subpoena recipient at the location for compliance if the complying person does not wish to. Rule 45(d)(2)(A) ("A person commanded to produce documents, ***need not appear."). But that is the subpoena recipients' choice. As

stated in *RSUI Indemnity Co. V. National Rifle Association*, 2020 WL 4194526 (S.D. OK 2020):

> The Advisory Committee Note to the 2013 Amendments to Rule 45 states that "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." The Court interprets this comment to mean that a subpoenaed third party can waive the 100-mile requirement by agreeing to transmit production by electronic means. Here, RSUI has not agreed to produce documents electronically, but rather has filed a motion to quash and withheld production. Accordingly, because the subpoena exceeds the geographical limits of Rule 45(c), the **Court must quash** the subpoena pursuant to FED. R. CIV. P. 45(d)(3)(A)(ii).

*Id.* (emphasis added)

As with the recipient in that case, my client does not waive the 100-mile rule.

You cite to a Middle District of Florida case that states in one sentence, in *dicta,* and out of context, for the proposition that Florida District Courts can simply ignore their mandate as to the restrictions of the 100-mile rule. *Trahan v. Sandoz, Inc.,* 2014 WL 12628614 (M.D. Fla. 2014). It is our view that *Trahan* stands for the proposition that a party (*Sandoz*) does not have standing to quash a document production subpoena to a non-party unless that party has some interest at stake. The Court found no special interest and denied Sandoz motion to quash because she had no standing. *Id.* The court then in dicta stated something to the effect that the overly burdensome argument (made by someone else) is not present because the non-party subpoenaed does not have to appear. We consider your reliance on *Trahan* misplaced as a basis to ignore a Federal Rule of Civil Procedure.

Further, in addition to the objections made in Mr. Koperski's November 1, 2022, letter, I note these deficiencies to which my client objects. Namely,

- The subpoena is directed to an incorrectly identified recipient, the "Pinellas County School District and Superintendent, Kevin Hendrick" rather than the School Board of Pinellas County, Florida, as the governing body of the school district of Pinellas County, Florida pursuant to *Fla. Stat.* §§ 1001.30, 1001.40 and 1001.41.
- Pinellas County is in the Middle District of Florida.

In sum, the list of objections are numerous, and this process of objections and good faith attempts to resolve, is time consuming in and of itself. As you have already expressed, the abbreviated schedule for this subpoena has left very little time to communicate. I thank you again for these attempts. I know that in most matters before the Northern District of Florida, they would like sufficient time to make a full good faith attempt to resolve the issues. I believe both parties have made every effort to get this good faith conference accomplished. Thank you.

I will make myself along with my client available for telephonic conference at a mutually convenient time to attempt to resolve any issue. Please note, however, absent a resolution, I will file a motion to quash on behalf of my client.

Should you otherwise have any questions or comments, please do not hesitate to contact me.

Very truly yours,
**BANKER LOPEZ GASSLER, P.A.**

*/s/ Christopher E. Doran*

Christopher E. Doran

CED/

cc:     David Koperski